Filed 9/6/24  P. v. Fruits CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C098896 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF210003971) |
| v. | |
| JOHN PATRICK FRUITS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant John Patrick Fruits filed an opening brief that asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After independently examining the record, we find no arguable error that would result in a disposition more favorable to Fruits.  We therefore affirm.

BACKGROUND

The first amended information charged Fruits with arson of a structure and forest land.  (Pen. Code, § 451, subd. (c).)[1]  It further alleged that he had three prior strikes and prior serious or violent felony convictions.  (§§ 667, subd. (a)(1), 1170.12.)

---

[1] Undesignated statutory references are to the Penal Code.

1

Law enforcement was alerted to a man setting vegetation on fire along the Sacramento River. When they arrived, they noticed a fire in some bushes. They saw Fruits watching the fire but not making any effort to put it out, despite the presence of both water and a shovel nearby. A witness identified Fruits as the person who was using a torch to set the fires.

At a preliminary hearing, Fruits's competency was called into question. After receiving reports from three mental health professionals, the trial court found him competent. Also during pretrial proceedings, the court denied Fruits's motion to obtain information from the investigating officer's personnel files.

The matter went to trial, but the jury was unable to reach a verdict. The trial court declared a mistrial after finding that the jury was deadlocked.

After the mistrial and prior to the hearing on his second motion for discovery, Fruits pleaded no contest to causing fire to a structure or forest land. (§ 452, subd. (c).) He admitted two prior strike convictions. His attorney stipulated to the factual basis for the plea in accordance with *People v. West* (1970) 3 Cal.3d 595.

Pursuant to the plea agreement, the trial court sentenced Fruits to the middle term of two years, doubled to four years due to his strike conviction. Consistent with the agreement, the court dismissed two other misdemeanor cases.

Fruits filed a timely notice of appeal and obtained a certificate of probable cause.

DISCUSSION

We appointed counsel to represent Fruits on appeal. Counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Fruits was advised of his right to file a supplemental brief within 30 days of the filing of the opening brief. More than 30 days passed, and we received no communication from him.

Having examined the record, we find no arguable error that would result in a disposition more favorable to Fruits.

## DISPOSITION

The judgment is affirmed.


/s/
FEINBERG, J.


We concur:


/s/
EARL, P. J.


/s/
HULL, J.